# JUSTA VARGAS, Plff.,

### *v.*

# PEDRO AZUAGA, Dft.

---

San Juan, Law, No. 1118.

SUIT BY MOTHER OF ILLEGITIMATE CHILD.

Negligence—Natural Guardian—Right to Recover for Death of Natural Child.

    1. It is the mother, and not the natural guardian, who has the right to be supported by her child, and the mother cannot recover for the death of her natural child caused by the negligence of another.

Decisions of the Local Courts Controlling upon This Court.

    2. The decisions of the local courts in matters pertaining to the status of individuals, family relationship, title to property, and the like, are controlling upon this court.

Opinion filed May 12, 1916.

---

NOTE.—As to right to recover for negligent killing of illegitimate, see note in 2 L.R.A. (N.S.) 640.

    VIII. Porto Rico—40.

Vargas v. Azuaga.

*Mr. Enrique Diaz Viera* for plaintiff.

*Mr. H. R. Francis* as *amicus curiæ.*

*Messrs. H. G. Molina, Eduardo Acuña,* and *R. J. Van Deusen* for demurring defendant.

HAMILTON, Judge, delivered the following opinion:

This is a suit by the mother of a child seeking to recover damages for his death in a railroad accident, claimed by her to have been due to negligence of employees of the defendant. The complaint alleges that "the plaintiff was the mother and natural guardian of Leocadio Pimentel, now deceased, who was a minor, under the *patria potestas* of the plaintiff, of whom Leocadio Pimentel was the natural son." The defendant by demurrer raises the question of the right of a' mother to sue for injury to her illegitimate child, and cites as conclusive the decision of the Supreme Court of Porto Rico in the case of Diaz v. Porto Rico R. Co. 21 P. R. R. 73, construing § 60 of the Code of Civil Procedure. The effect of that decision is that, where the Code speaks of suit by a guardian, it is to be held as meaning the guardian of a legitimate child. The complaint by its terms admits the contrary in this case.

1. The plaintiff, however, seeks to avoid the above decision by alleging that she does not sue as mother, but as natural guardian. It is true that the only way she is natural guardian is by being the mother, and the argument is that she had the right under the Porto Rican law to support by this child. Civil Code of P. R. § 213 (4). This imposes the reciprocal right of

support upon parents and upon illegitimate children. As stated, however, this would be arguing in a circle. It is not the natural guardian that has the right to support, but the mother, and the local decision holds that the mother cannot sue. And, moreover, if the suit was to be held to be one by the natural guardian as such, it would not help the case. At common law—and the Code of Civil Procedure is taken from common law legislation—guardianship by nature extends only to the parent and has a field of operation in regard to control and domicil of the child. A guardian by nature is not entitled to the control of his ward's personal property. Alston v. Alston, 34 Ala. 15; Nelson v. Goree, 34 Ala. 565. The same principle would apply to a right of property, such as the damages claimed in this case.

2. The argument is made by an *amicus curiœ* that this court must disregard the decision of the local court, because that decision contravenes the local law and public policy of Porto Rico. Civil Code of P. R. § 222, as amended March 14, 1907, and § 223, provide as follows:

"Sec. 222. The *patria potestas* over the legitimate children not emancipated belongs in the first place to the father, and in case of his absence, legal incapacity or death, to the mother.

"Illegitimate children and adopted minors shall be under the *potestas* of the father or mother acknowledging or adopting them. Where they have been acknowledged or adopted by both parents, the provision of paragraph 1 of this section shall be applicable.

"Sec. 223. The father and the mother have, with respect to their children not emancipated:

"1. The duty of supporting them, keeping them in their company, educating and instructing them in accordance with their

Vargas v. Azuaga.

means, and representing them in the exercise of all actions which may redound to the benefit of such children.

"2. The power to correct and punish them moderately."

Furthermore natural children may be recognized by either parent upon the public records of birth or otherwise.

"Natural children are those born out of wedlock, from parents who, at the moment when such children were conceived or were born could have intermarried with or without dispensation.

"The natural child may be recognized by the father and mother conjointly or by one of them only either in the record of birth or in the testament or in any other public instrument.

"The father is obliged to recognize the natural child:

"1. When there exists an indubitable statement in writing of the father wherein he expressly acknowledges his paternity.

"2. Where the child has uninterruptedly enjoyed the condition as of a natural child of the defendant father justified by acts of the same father or of his family.

"3. When the mother was known to have lived in concubinage with the father, both during her pregnancy and at the time of the birth of the child.

"4. When the child may present any authentic evidence of his paternity.

"The mother shall likewise be obliged to recognize a natural child in the same cases as the father, and further where the act of the confinement and the identity of the child are fully established.

"The child, if of age, cannot be recognized without his consent.

"When the recognition of the minor is not made at the time of recording the birth or in the testament, the approval of the

judge of the district court of the district where the child resides, with the concurrence of the fiscal, shall be necessary." P. R. Civ. Code, § 193.

It is argued that no such liberality in regard to illegitimate children is found in any of the American states, and that Porto Rican legislation must be regarded as constituting a different rule of public policy. Whether such a public policy in derogation of marriage should be enforced by the courts need not be determined in this case. The reasons why the local court decided as it did need not be discussed. It will suffice here to follow the general rule, that local matters such as those pertaining to the status of individuals and family relationship, title to property, and the like, are controlled by the local laws as interpreted by the local tribunals. The highest local court on the Island has decided that a suit for damages cannot be brought by the mother of an illegitimate child, and the Federal court has no disposition to depart from that ruling. The demurrer is sustained.

It is so ordered.